Kasii, C. J.
 

 The bill is filed for the partition of certain slaves. It alleges that the plaintiffs are tenants in common of the slaves mentioned, by virtue of a marriage settlement made between the defendant, Timothy Clemmons, and one Unity Gilbert, whereby the slaves were conveyed to the said Unity during her life, and after her death, to the children of
 
 *314
 
 the said Timothy; that she is dead, and the complainants are the children of the said Timothy and their descendants, and entitled, by the marriage settlement, to the slaves, as tenants in common. The bill then states that the defendant, Timothy Clemmons, the grantor in the deed, and the husband of the said Unity, and who has survived her, is in possession of the said slaves, and has been since the death of his said wife, hiring them out and making large profits, of which they claim their respective shares. It prays for an account of the hire of the slaves, and a sale of them for partition.
 

 The bill cannot be sustained. It is multifarious, bringing before the Court distinct and independent causes of action, to wit: praying an account and relief against Timothy Clem-mons, and a .sale of the slaves for partition among the claimants. Adams’ Eq. 568; 4 John. Ch. Rep., 199.
 

 2. The bill is demurrable, as it states that the defendant, Timothy Clemmons, is in the adverse possession of the slaves, using them as his own. The bill does not use the word
 
 adverse,
 
 but the statement shows such to be the character of the defendant’s possession. The principle is too plain to need authority, that tenants in common cannot procure a partition or sale of property, while out of possession. They must obtain possession before they can sustain a bill for partition.
 

 Pee CueiaM. Bill dismissed.